UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

United States of America

v. Criminal No. 17-cr-163-JD-03
Opinion No. 2020 DNH 144

Stephen Marando

O R D E R

Stephan Marando moves for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) and, in the alternative, asks the court to recommend to the Bureau of Prisons ("BOP") that he be permitted to serve the maximum amount of his sentence in home confinement under 18 U.S.C. § 3624. In support, he contends that he has a heightened risk of severe illness or death if he were to contract COVID-19. The government objects to a reduction in Marando's sentence and to a recommendation for release to home confinement. A United States Probation Officer filed a report on June 24, 2020, in response to Marando's previous motion under § 3582(c)(1)(A), and that report has also been considered for purposes of the pending motion.

## I. Background

Marando pleaded guilty on July 24, 2018, to charges of conspiracy to possess with intent to distribute forty grams or more of fentanyl and possession with intent to distribute forty

grams or more fentanyl. On March 14, 2019, he was sentenced to sixty-six months of incarceration to be followed by five years of supervised release. His projected release date is August 5, 2022, and he has served not quite half of his sentence. He is serving his sentence at the Federal Correctional Institute in Allenwood, Pennsylvania ("FCI Allenwood") in medium security.

Marando is fifty-nine years old. He has a variety of medical conditions and issues, including hypertension, Hepatitis C, degenerative disc disease, and anemia. Despite his medical issues he has no medical restrictions except that he requires a lower bunk.

FCI Allenwood was not reporting any active cases at the time when Marando filed his motion. Counsel, on Marando's behalf, suggests that the lack of reported cases may be because there is insufficient testing. The government also represented that there were no inmates or staff at FCI Allenwood with COVID-19 as of early August.

During his period of incarceration, Marando has not had any disciplinary reports. On the other hand, he has not participated in either the drug education program or the residential drug abuse treatment program. He has been assessed to have a high risk of recidivism. In addition, the probation officer reported that Marando has a number of outstanding warrants that could affect any planned release.

On April 30, 2020, Marando submitted a request to the warden to serve the remainder of his sentence in home confinement.[1] That request was denied. He then filed a pro se motion with the court, which was denied because he had not exhausted administrative remedies. Marando filed a pro se request under § 3582(c)(1)(A) with the warden on June 26, 2020. That request was denied on July 8, 2020.

## II. Request for Reduced Sentence

The Director of the BOP may bring a motion on behalf of a defendant to reduce the term of his or her imprisonment. § 3582(c)(1)(A). If the Director does not file a motion, the defendant may file a motion on his or her own behalf in certain circumstances. The defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or, thirty days must have passed since the warden at the defendant's facility received the request. Id.

When a defendant has satisfied the administrative exhaustion requirement, the court may reduce a term of imprisonment based on a finding that "extraordinary and

[1] His requests apparently combined requests for release to home confinement under § 3624 with requests for a reduction in sentence under § 3582(c)(1)(A).

compelling reasons warrant such a reduction" and "after considering the factors provided in [18 U.S.C. §] 3553(a) to the extent that they are applicable." § 3582(c)(1)(A). The statute also directs consideration of whether the requested "reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

The applicable policy statement, United States Sentencing Guidelines § 1B1.13, was issued before § 3582(c)(1)(A) was amended under the First Step Act of 2018 to allow defendants to seek a reduction of their sentences in court. See United States v. Tardif, 2020 WL 3960394, at *1 (D. Me. July 13, 2020). As a result, courts have concluded that U.S.S.G. § 1B1.13 may guide but does not limit the court's authority to grant relief under § 3582(c)(1)(A).[2] That guidance provides that a defendant's term of imprisonment may be reduced if extraordinary and compelling reasons warrant the reduction or the defendant meets the age and time-served requirements, the defendant is not "a danger to the safety of any other person or to the community," and the reduction is consistent with the policy statement.

In addition, Application Note 1 to U.S.S.G. § 1B1.13 provides guidance as to when an extraordinary and compelling

[2] The Sentencing Commission has not been able to amend § 1B1.13 to conform to the statutory changes made by the First Step Act because the Commission lacks a quorum. United States v. Greene, 2020 WL 4475892, at *3, n.1 (D. Me. Aug. 4, 2020).

reason to reduce a defendant's sentence may exist. Those reasons include medical conditions, age, family circumstances, and extraordinary and compelling reasons "other than, or in combination with, the reasons described."

In summary, to be eligible for a reduction in sentence under § 3582(c)(1)(A), a defendant must first exhaust administrative remedies. If that is accomplished, a defendant must show that he has an extraordinary and compelling reason that justifies a reduction in his sentence, considering the sentencing factors under § 3553(a) and the policy statement.

A. Initial Considerations

The government agrees that Marando has satisfied the requirement of administrative exhaustion and that he has shown an extraordinary and compelling reason for sentence reduction, based on his health conditions in combination with the risks due to COVID-19. The court will accept the agreement on those issues.

B. Sentencing Factors under § 3553(a)

Section 3553(a) states that the "court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes" provided in § 3553(a)(2), and lists factors for determining an appropriate sentence. The first two factors

are particularly pertinent here.[3] The first factor directs the sentencing court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant." § 3553(a)(1). The second factor focuses on the purposes of sentencing, including:

> the need for the sentence imposed—
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

§ 3553(a)(2). Subpart (C) overlaps with the guidance in § 1B.13 to consider whether the defendant is a danger to any person in the community.

The court considered all of the § 3553(a) factors when Marando was sentenced to sixty-six months in prison, which is an appropriate sentence for his serious drug crimes. The only intervening change is the COVID-19 pandemic. Although Marando would be at increased risk if he were to contract COVID-19, the risk is currently low at FCI Allenwood, where Marando is

---

[3] The third factor directs consideration of "the kinds of sentences available;" the fourth and fifth factors focus on the Sentencing Guidelines; the sixth factor addresses "the need to avoid unwarranted sentence disparities;" and the seventh factor directs courts to consider the defendant's restitution obligations.

incarcerated. Therefore, the COVID-19 pandemic does not weigh in favor of a reduced sentence for Marando.

Marando's crime involved distribution of fentanyl, an extremely dangerous drug. He committed the crime while he was on parole for conspiracy to distribute heroin. Marando has an extensive criminal history, extending over forty years, that includes drug crimes, assaults, and violations of bail and parole. His refusal to participate in drug treatment programs in prison raises further concern about the risk he may pose if released.

Marando is assessed to be at high risk for recidivism. His risk of recidivism combined with his criminal history shows that he is likely to be a danger to others in the community if his sentence were reduced.

As presented by his counsel, Marando's plan if he were released is to live with his wife who has been on parole for her own drug conviction. The probation officer noted in her report that Marando's living plan would have to be investigated. The probation officer also reported that Marando has outstanding warrants against him, which would have to be investigated before a release from custody.

Marando did not address the § 3553(a) factors as they apply to him. Those factors weigh heavily against a reduction in

Marando's sentence. Therefore, Marando has not shown that he is eligible for a reduction in his sentence under § 3582(c)(1)(A).

III. Release to Home Confinement under § 3624

Alternatively, Marando asks the court to recommend to the BOP that he be allowed to serve the maximum amount of his sentence in home confinement. While the BOP has exclusive authority to decide whether to release a defendant to home confinement, the court may recommend home confinement in an appropriate case. § 3624(c); United States v. Duford, 2020 WL 3542266, at *4 (D.N.H. June 30, 2020). In determining whether to recommend home confinement, the court considers factors provided by Attorney General Barr in a memorandum issued on March 26, 2020, which include the risk of danger if the defendant were released, his conduct while in prison, and his risk associated with COVID-19. Id.

Those factors have been considered in the context of § 3582(c)(1)(A) and do not support a recommendation for home confinement. Marando would likely pose a danger to the community if he were released. While he has not had disciplinary infractions while in prison, he also has not taken advantage of the drug treatment programs offered to him. In addition, as stated above, FCI Allenwood currently presents a low risk of contracting COVID-19.

The BOP is in a better position to decide whether to release an inmate to home confinement in light of the circumstances of the inmate population and the spread of the COVID-19 virus. See, e.g., United States v. Richard, 2020 WL 4500670, at *8 (C.D. Ill. Aug. 5, 2020); United States v. Beahm, 2020 WL 4514590, at *3 (E.D. Va. Aug. 5, 2020). The BOP previously denied Marando's request for release to home confinement. The court declines to make any recommendation with respect to Marando's release to home confinement.

## Conclusion

For the foregoing reasons, the defendant's motion for reduction in sentence and the supplement to the motion (documents nos. 159 and 160) are denied.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

August 17, 2020

cc: Counsel of record.